### The Utica Insurance Company *against* Scott.

Plea amended after replication, demurrer, rejoinder in demurrer, judgment in supreme court for defendant, on the ground that the replication was bad and plea good; writ of error to the court of errors and reversal, because plea was bad. But this was on paying the costs of both courts.

The supreme court considered the case the same as if the plea had been overruled in that court on the demurrer.

That court will allow a plea, holden bad on the demurrer to the replication, to be amended; though the plea set up an unconscionable defence.

But they will not allow a new plea to be added, setting up a new defence which is unconscionable.

Assumpsit against the defendant, as endorser of a promissory note to the plaintiffs. The defendant pleaded a special plea, to which the plaintiffs replied; and the defendant demurred to the replication, and the plaintiffs joined in demurrer. The supreme court gave judgment for the defendant, on the ground that the replication was defective, and held the plea good. This was in *May* term, 1821. (*See* 19 *John. Rep.* 1, *S. C.*) On error to the court for the correction of errors, (*December session*, 1826,) the judgment of the supreme court was reversed, on the ground that the plea was defective for want of precision or other

imperfection (as the defendant stated in his affidavit.) The record being remitted to this court, a motion was now made by the defendant to amend his plea. The affidavit of the counsel for the plaintiff stated that he heard the opinions delivered in the court of errors; and understood the reversal to be on the ground that the replication was good; not on the ground that the plea was bad.

*A. Van Vechten,* for the motion, cited 2 *John.* 233; 3 *id.* 257; 10 *id.* 26; 2 *Dunl. Pr.* 1139; 5 *Taunt.* 264.

*Talcott, (attorney general,)* contra, cited 1 *John. Cas.* 246; 1 *Cowen,* 37; 18 *John.* 310; 1 *Burr.* 322; 18 *John.* 30; *Tidd's Pr.* 657, 660; 9 *John.* 78; 3 *id.* 148; 2 *John. Cas.* 284; 3 *id.* 140, 141, 300, 301; 1 *East,* 135, 391; 2 *B. & P.* 482; 3 *B. & P.* 11, 12; 19 *John.* 1; 2 *Bl. Rep.* 1073; 4 *John. Ch. Rep.* 332; 4 *T. R.* 228; 1 *Burr.* 402; 2 *Str.* 1002; *Tidd's Pr.* 818; 3 *John.* 181; 1 *B. & P.* 339; 4 *T. R.* 468; 1 *Burr.* 54; 2 *Burr.* 936.

*Curia.* Allowing this amendment is a matter of discretion. It is objected that the application comes too late: the proceedings being no longer in paper, as it is expressed in *England.* This might formerly have been an objection; but it is not so at this day, when a much greater latitude than formerly prevails in favor of amendments. It will be seen by consulting the authorities, that courts have, of late, not confined themselves strictly to cases where proceedings may be said to be in paper; but they have been guided by the question whether substantial justice requires the amendment, at whatever stage of the proceedings it may be moved.

The motion is to amend generally. This is objected to; because the defendant may add a new plea, and set up a technical usury in discounting the note; an unconscionable defence undoubtedly; and what we shall not allow. Again; it is said the original defence is unconscionable; which was a plea that the note in question was discounted contrary to the restraining act; and the case is likened to the principle which denies a new trial in a hard action;

where the court, in the exercise of their discretion, will sometimes refuse a party the second chance of success, who has failed to recover on the first trial. We agree that we will not allow a new defence which is unconscionable; but we are not aware that the principle can be extended to this case. The plea is to be regarded now as if it had been overruled in this court upon the demurrer; and on the ground that it was so defectively drawn, as not to present the defence which it aimed at. This is much a matter of course; nor has it been denied merely because the particular plea sought to set up an unconscionable defence, provided it was a valid one. The defendant ought not to suffer from the delay, under the circumstances of this case. The plea was holden good in this court, but overruled on error against him. There is, to be sure, some dispute of this; but the defendant so understands it. The dispute probably arises from the manner in which the opinions of the court for the correction of errors are delivered. From the great number of that body, and the different grounds often taken by members in deciding a cause, such difficulties are not unusual. Nor is it very material, as we allow only an amendment of the particular plea, to which we think the party has a right; and which must be done on payment of all costs of the demurrer, of this motion, and of the cause in the court for the correction of errors.

Rule accordingly.