## SUPREME COURT.

### THOMPSON agt. MINFORD & CAMM.

It is often necessary to allow a *narrative* mode of stating all the facts in a complaint constituting the plaintiff's case, as was frequently done in a bill in chancery, and sometimes in an action on the case. For instance, where the original cause of action (work and labor, or a promissory note, &c.) is set forth, and also a judgment obtained thereon in another state.

The Code, in § 172, allows any pleading to be *amended* in all cases, as of course and as a matter of right, within twenty days after the service of the answer or demurrer to such pleading, without any restriction except one, which is specified, viz., unless it should appear to the court that it was done for the purpose of *delay, and* that the opposite party would thereby lose the benefit of a circuit or term for which the cause might be noticed.

In this case the plaintiff, after service of the answer, amended his complaint (under § 172) upon a promissory note, by setting forth both the note and a judgment obtained upon it in another state. The defendant moved to set aside the amended complaint, which was denied.

*New-York Special Term, February,* 1855.

MOTION to set aside amended complaint.

The affidavits show that a complaint was served Dec. 1, 1854, on a note of the defendants, dated Dec. 28, 1853, at six months: that an answer was put in, showing a recovery, in Pennsylvania,

of a judgment in favor of the plaintiff against the defendants on the same note, on Sept. 4, 1854: that action being commenced on 13th of July, 1854; that on the sixth of January last the plaintiff amended his complaint, setting forth both the note and the judgment on it, and claiming only the sum demanded in the original complaint. The affidavit of the plaintiff's attorney also shows that he knew nothing of the judgment when the original complaint was served.

—— ——— *for defendants.*
—— ——— *for plaintiff.*

MITCHELL, Justice.    Mr. Justice STRONG has shown the history of amendments, as regulated by the rules of the supreme court, in *Hollister* agt. *Livingston,* (9 *How.* 140,) that under the rules of 1796, an amendment by adding a new count was not allowed, but that under the rules of 1847, this was expressly allowed; and he was of opinion that amendments could not be made introducing substantially *new causes of action,* although they might be made so as to change the form of the action, according to the old phraseology, as from trover to trespass, or from case to assumpsit, if no new cause of action were introduced.    The point which he decided was, that when the plaintiff sued on a sealed note, and the defendant answered, setting up usury, and the plaintiff amended by adding counts showing the original consideration for the note independent of the usury, viz., work and labor, and prior indebtedness, the defendant had waived his objection by retaining the amended complaint sixteen days.

That case shows one instance out of many in which justice requires such amendments to be allowed.    The plaintiff had one good cause of action arising out of his dealings with the defendants; but it was uncertain in which of two several forms he should sue for it.    If he sued on the note, on which it might be that the defendant could prove some usury, the defendant would plead usury, and bar the whole claim: if he sued on the original consideration, the work, labor and indebtedness prior

to the usurious contract, the defendant might set forth the sealed note in answer, as a merger of the prior unliquidated demand. To prevent the evil of this kind of management, it is necessary that the plaintiff be allowed to state his whole case—the origin of the first indebtedness, and the securities or evidences of debt subsequently taken for it, claiming still only one payment for the whole—as one only is due.

This is not a new count, but is one count detailing, as was frequently done in a bill in chancery, and sometimes in an action on the case, a narrative of the facts constituting the plaintiff's case instead of the final agreement alone, which, if valid, might have been sufficient alone. The like practice also prevailed even in a plea in some cases, as in setting up a corporate right on *quo warranto*, where a number of laws merely treating of the corporation as existing, and as having certain powers, were pleaded to show the right to those powers—(*People* agt. *Manhattan Co.*,)—or various grants from the crown were pleaded in the same manner. (*The King* agt. *Passmore*, 3 *T. R.* 190.)

The supreme court, after practising from 1796 to 1847, under the more restricted system, found it expedient to adopt the more liberal one, and to allow amendments of course, introducing new counts. Then came the Code—certainly intended to be as liberal as any former practice of the courts, and in § 172, allowed any pleading to be amended within twenty days after the service of the answer or demurrer to such pleading, and without any restriction, except one, which is specified, viz., unless it should appear to the court that it was done for the *purpose of delay*, AND that the opposite party would thereby lose the benefit of a circuit or term for which it might be noticed. This being the only restriction imposed, it may be inferred that it is the only one intended by the legislature.

Other instances have occurred before this court, in which they have found it necessary to allow this narrative mode of stating all the facts—(not the evidence of facts)—in a complaint; as where the original cause of action was set forth, and also a judgment obtained on it in another state; and there was reason to apprehend that the defendant meant, if the statement of the

judgment were struck out, to set it up in bar, and if it were left in, and the consideration on which it was founded were struck out, then to plead that the court in which the judgment was obtained had not obtained any jurisdiction over the person of the defendant : in such cases the court has refused to strike out either allegation. So in the common pleas, where a plaintiff sued for goods sold, the defendant set up a sale on a credit of six months, Judge DALY allowed an amendment to the complaint, showing the sale on credit, and that it was procured through fraudulent representations. (6 *How. Pr. R.* 390.) That was an application to the discretion of the court under § 173, when the *court* alone could allow the amendment, and then only if it did not change substantially the plaintiff's claim : and he held that it did not substantially change the *claim,* which was for the price of the goods : although it did (in his opinion) change the cause of action.

Justice WELLES, in *Field* agt. *Morse,* held, that a plaintiff was regular who, having served a complaint on contract, with allegations that the debt was fraudulently contracted, afterwards amended the complaint by striking out the allegations of fraud. (8 *How. Pr. R.* 47.) He says, it is not allowable to a party to *substitute* a *new* and *different* cause of action, but he may change the manner of stating the same, may leave out redundant or irrelevant matter, or *add facts* in support of *the* cause of *action* stated in the original pleading. (*p.* 48.) In this case, this plaintiff does not strictly *substitute* a new and different cause of action; and he adds facts in support of the action as originally stated—if by the cause of action is intended the original consideration out of which the claim arose—and such perhaps may have been the intention of the learned justice, and would be correct in an untechnical sense.

Some statements were made on both sides at the argument, which do not appear in the papers submitted, and the motion is decided as the counsel desired, on the papers only. It was said that the defendants' goods had been attached and then discharged on their giving security ; that they were insolvent, and had made an assignment for the benefit of their creditors ; and

that this was an attempt of one creditor to obtain a preference. However these matters might influence a judge who had a plenary discretion, some for the one party, and some for the other, they could not affect this motion; as under this section the plaintiff has an absolute right to amend in all cases in which it gives him the right, and the right does not depend on any leave from the court. The court can only say whether the amendment is within the meaning of that section, and not whether it is discreet to allow it under peculiar circumstances not provided for in that section. Nor can the court, *if* this section allows the amendment, refuse it because the sureties of the defendant might become liable under the amendment, and might escape if it were not made : they become sureties subject to the risk of all lawful amendments.

The motion to set aside the amended complaint is denied without costs.