## SUPREME COURT.

HORACE WYMAN agt. MARY J. REMOND, administratrix, &c.

The defendant, within the time allowed to amend of course, under § 172 of the Code, may serve an *amended answer*, containing an entire *new and different defence* from that contained in the original answer.

The same principle applies in the amendment of complaints, as to new causes of action.

*Albany Special Term, March*, 1859.

MOTION to substitute new referee.

The action was commenced on the 16th of December, 1857, by the service of a summons and complaint. On the 23d of

January, 1858, and within the time allowed the defendant, by an order obtained for that purpose, an answer was served. The answer contained a counter-claim. On the 10th of February the plaintiff served a reply to the counter-claim. On the first of March the defendant served an amended answer. This answer did not contain the counter-claim, but set up the statute of limitations. The attorney for the plaintiff returned the amended answer, with a notice that he refused to receive it, on the ground that it contained a different and other defence from that contained in the original answer.

Upon this state of the pleadings the cause was noticed for trial, and at the January circuit, 1859, was, by the consent of both parties, referred to a sole referee.

Upon the trial before the referee, the plaintiff's counsel insisted that the issue was that made by the original answer and the reply thereto; and the defendant's counsel insisted that the issue was that made by the amended answer. The referee declined to decide the question, and refused to proceed with the trial, on the ground, as he certified, " that the issue in the action did not appear to be settled." The plaintiff thereupon moved that a new referee be substituted in his place.

J. D. LIVINGSTON, *for plaintiff.*
J. B. STURTEVANT, *for defendant.*

HARRIS, Justice. The real question which the parties seek to have determined by this motion is, whether the defendant had a right to amend his answer by inserting therein a new defence. Upon this question, different views have been entertained. In *Hollister* agt. *Livingston* (9 *How.* 140), it has been examined by Mr. Justice T. R. STRONG, with his usual care, and his conclusion was, that the amendments authorized by the 172d section of the Code are restricted to the matters of the original pleadings. The question was again considered by Mr. Justice MITCHELL, in *Thompson* agt. *Minford* (11 *How.* 273). That learned judge was of opinion that no such restriction was intended.

The same question arose in the superior court of New-York in *Mason* agt. *Whitely* (1 *Abbott*, 85). This case was argued before OAKLEY, Ch. J., at special term; but three other judges concurred in the decision. It was held, that a plaintiff, when amending his complaint under the 172d section of the Code, might add a new count or cause of action.

I am inclined to concur in this latter construction. The 22d rule of the supreme court, adopted in 1847, and which was in force at the time the Code was enacted, contained substantially the same provisions which are found in the 172d section of the Code. The framers of the Code intended, I think, to have the provisions of that rule embodied in the new system of practice. The court, in framing the rules of 1847, had deemed it necessary to restrict the operation of the 22d rule by providing, in the 23d rule, that it should not be construed to allow amendments to be made by adding new counts or pleas. I can but think that the framers of the Code, if it had been thought advisable to continue the restriction for which the rule last mentioned provides, would have made some express provision on the subject. This view derives some support, I think, from the general tone and spirit of the Code, which inculcates greater liberality in the construction and interpretation of pleadings than had before prevailed, and, in most cases, allows each party, upon some terms or conditions, to shape his allegations as he pleases at any time before the trial.

I am of opinion that, in this case, the defendant had a right to amend her answer at the time and in the manner it was amended, and that the action should be tried upon the issue made by the complaint and amended answer. This motion, therefore, should be denied, but without costs.