## SUPREME COURT.

### SPENCER agt. TOOKER.

The plaintiff's attorney has no right to be the judge and sole arbiter of the suffi- ciency or competency of an *amended answer*, any more than of an original answer, and, consequently, is not at liberty to disregard it.

A *denial* of the full amount claimed, and an *admission* of a certain amount to be due, and a *tender* of that amount, are all allegations constituting one single defence.

*New York Special Term, June,* 1861.

MOTION by defendant to vacate an order taken by default, for judgment on account of a frivolous answer, and that an amended answer served be adjudged to stand.

BARNARD, Justice. From the papers submitted it appears that plaintiff, in his complaint, claims for $64, with interest from April 1st, 1861.

Defendant, in his first answer, pleaded a tender before the commencement of this action, on the 6th of April, of $64, and brought the money into court.

Thus, on plaintiff's own showing, the amount due for principal and interest on the 6th of April was $64.07, being only seven cents more than the sum tendered.

Plaintiff moved for judgment on account of frivolousness of answer, serving the notice of motion on 1st of May.

On May 4th the attention of defendant's attorneys being by the notice of motion particularly called to the answer, they at once perceived that the answer did not cover the whole cause of action, inasmuch as -it impliedly admitted the claim established, and did not allege a tender sufficient to cover it. They consequently, immediately, on the 4th of May, served an amended answer, in substance denying any claim greater than $58.80, with interest from March 28th, 1861, and setting up a tender of $64 covering the principal sum, and all interest thereon to the date of the tender. Plaintiff's attorney sent back this answer, and

disregarding it, took by default an order based on the original answer for judgment as for a frivolous answer.

Defendant moves to vacate that order as irregular, and that the amended answer be adjudged to stand.

Plaintiff objects that there are two defences not separately stated; that the amended answer is inconsistent with the first one; that the amended answer sets up a new defence, and that such an amendment cannot be made of course; and that for these reasons he had a right to disregard it. Even if the objections were good, I am clearly of opinion that he is not to be judge or sole arbiter of the sufficiency or competency of an amended answer, any more than of an original answer, and that, consequently, he was not at liberty to disregard it. But I am further of opinion that all the objections are not well taken. A denial of the full amount claimed, and admission of a certain amount to be due, and a tender of that amount, are all allegations constituting one single defence. They cannot be separated. Where there is no express admission of a fact, but only an implied admission from silence, the insertion of an omitted denial is not necessarily inconsistent.

The amended answer sets up no new defence, but only an allegation necessary to complete the defence originally set up.

But a totally new defence may be set up in the first amendment as a matter of course. The defendant was not bound, after serving his amended answer, to take any further steps till the plaintiff did some act affecting his rights.

Plaintiff suggests that the amount involved is only $64, and interest from April 1st, 1861. He might, with more justice, say the amount in dispute is seven cents and the costs. And he says the defendant only seeks to get rid of the costs, and, therefore, ought to be held to strict lines. It is certainly not surprising, when a man is sued for even costs, that he should seek to get rid of the costs, and he can scarcely be blamed for so doing. The bringing of so

trivial a suit in the highest court of original jurisdiction in the state, where there are numerous courts for trial of such claims at small expense, and with little delay, seems to have had for its sole object, costs.

If the plaintiff, of his own motion, has commenced this suit in the supreme court on a dispute of seven cents as a matter of principle, he is undoubtedly ready to accept the consequences of an expensive litigation, and cannot surely object to being saddled with the costs of this motion.

If plaintiff's attorney so commenced it of his own accord, or advised his client so to commence, the prospect of obtaining future costs may have influenced him; and he cannot reasonably object that defendant should not only seek to deprive him of costs, but endeavor to mulct him or his client (as the matter may be adjusted between them) in costs as a punishment for being so expensively litigious.

Motion granted, with $10 costs.