<hr />

## SUPREME COURT.

### Dugald McQueen agt. Alexander Babcock.

It is not the practice of the courts, when a party is obliged to apply for leave to *amend* his pleading, to grant such leave for the purpose of allowing the defendant to set up the statute of limitations, usury, &c., or any of that class of defences usually denominated *unconscionable*.

But the defendant is entitled as a matter of course and of *right* to amend his answer *within twenty days* after its service, (if not put in for delay,) by adding thereto such defences, or *any new and distinct defence*. (*This seems to overrule the case of Hollister agt. Livingston*, 9 *How. Pr. R.*, 140.)

*Monroe General Term, December,* 1861.

*Present,* Welles, Johnson and Smith, *Justices.*

Motion for leave to serve answer, &c.

The defendant had put in his answer in due time, containing a general denial of the complaint and other defence. Before the expiration of twenty days after the service of this answer, the defendant's attorney served an amended answer, setting up, beside the former answer, the statute of limitations. The plaintiff's attorney returned this answer, upon the ground that the defendant could not amend his answer, setting up a *new defence*, without special leave of the court. The defendant moved at special term that he have leave to serve such amended answer, if he was not entitled to serve it by right, and such motion was denied; and the defendant's attorney thereupon duly appealed to the general term.

L. H. HOVEY, *for appellant.*

C. F. DANFORTH, *for respondent.*

By the court, E. DARWIN SMITH, Justice.  So far as the motion at special term was addressed to the favor of the court, upon the assumption that the defendant could not amend his answer of course within twenty days after service of the original answer, it was rightly decided, and if it was not, the decision resting in discretion would not be reviewable upon appeal.  It is not the practice of the court, when a party is obliged to apply for leave to amend his pleading, to grant such leave for the purpose of allowing the defendant to set up the statute of limitations, usury, or any of that class of defences usually denominated *unconscionable.*  (*Lovett* agt. *Coroman,* 6 *Hill,* 223 ; *Wolcott* agt. *McFarlan,* 6 *Hill,* 227 ; *Utica Insurance Co.* agt. *Smith,* 6 *Cow.,* 606—3 *Wend.,* 573.)

But the question remains, which was chiefly discussed here and at special term, whether the defendant's amended answer was not properly served, and on such service became the regular answer in the cause ; whether in fact the defendant was not entitled as a matter of *right,* to amend his answer within twenty days after its service by adding thereto a *new and distinct defence.*

On this question the motion was decided at special term on the authority of the case of *Hollister* agt. *Livingston,* (9 *How.,* 140.)  I followed that decision without examination —though doubtful of its correctness—as it seemed sanctioned by other decisions, and there was conflict in the cases at special term on the question, chiefly with the view that the question might come up upon appeal and receive examination and settlement at a general term.

The case of *Hollister* agt. *Livingston* states correctly the practice of this court under the rule of 1796, (Rule 8) down to the period when it was altered on the revision of the

rules in 1830, as appears in *Levin* agt. *Smith,* (18 *John.,* 310; 5 *Cow.,* 37; 2 *Wend.,* 259.)

Rule 23 of the general rules of the supreme court, as revised in 1830, gave an unqualified right of amendment of the declaration and plea, within twenty days after service of the pleading, to be answered *once,* of course, and without costs, in general language. As under the general rule of 1796, it had been held that the rule did not give the right to add new counts or pleas, on this revision of the rules, a new rule—rule 24—expressly provides that said rule 23 should be " construed to allow amendments to be made by *adding* new counts or pleas, but not so as to allow of any amendment to a plea in abatement." So the practice remained till 1837, when on the revision of the rules in that year, said rule 24 was omitted, and a new rule (No. 23) was inserted—declaring that " the preceding rule should not be construed to allow amendments to be made by adding new counts or pleas, nor to allow of any amendment to a plea in abatement."

These rules continued in force till 1847, and were retained by the judges then elected under the present constitution, in the rules adopted by them, and in such rules were numbers 22 and 23.

Thus the practice stood under the general rules, when the Code passed in 1848.

Section 148 of the Code of 1848, declared as follows: " Any pleading may be amended by the party, of course, without costs, and without prejudice to the proceedings already had, at any time before the period for answering it shall expire."

This section gave an unqualified right of amendment, and as it omits the restriction then existing, under rule 23 of the rules then in force, it must, I think, have been intended to repudiate that restriction.

In 1849 a new section, 174, was added, allowing amendments after a demurrer. In 1851 the sections 172 and 174,

as they were numbered in the act of 1849, were consolida-
ted into one section, No. 172, and amended and put in its
present shape, with the single amendment made in 1859.
The section as it then read, gave an unqualified right of
amendment of any pleading once—of course, and without
costs, within twenty days after service of the answer or
demurrer to such pleading—" unless it was made to ap-
pear to the court that it was done for the purpose of delay,
and the plaintiff or defendant will thereby lose the benefit
of a term for which it may be noticed, and if it appears
that such amendment was made for that purpose, the same
may be stricken out." This provision contains all the
restriction imposed by the legislature upon the absolute
right of amendment once, within twenty days, and without
costs.   But after this amendment, it was held in several
cases, that an answer consisting of mere denials, and requir-
ing no reply, was not amendable, of course, under this sec-
tion.   To counteract this qualification of the absolute right
of amendment, the legislature, in 1859, inserted in the sec-
tions the words, within " *twenty days after it is served or at
any time*," &c., so as to give the unqualified right of amend-
ment of any and every pleading *once*, of course, and without
costs.

It seems to me that it was the obvious intent of the legis-
lature in these provisions and amendments, to provide for
and allow the largest liberty of amendment once, without
terms, subject only to the restriction above quoted, that
such amendment be not put in for delay.   Such is the
spirit of liberality in which the provisions of the Code on
this subject have been, in my opinion, conceived and
enacted, and this spirit and policy it is the clear duty of
the court to carry out and maintain.   The case of *Hollister*
agt. *Livingston* is in clear conflict with this spirit and
policy, and should be overruled.

The same conclusion on this question I find contained in
*Thompson* agt. *Menford*, (11 *How.*, 273 ;) *Wyman* agt. *Re-*

*mond,* (18 *How.,* 274 ;) *Spencer* agt. *Tooker,* (22 *How.,* 333, 1 *Abb.,* 85.)

The defendant was clearly regular in amending his answer, and the same on its service became, was, and is, the proper answer in the cause, and should be so treated. The plaintiff had no right to disregard or return it upon any pretence of irregularity.

The order of special term should therefore be reversed, and the original motion granted, without costs to either party.