## SUPREME COURT.

FIELDEN and others agt. CARELLI and LAHENS.

Where only *part of an answer* is demurred to, the defendant, under *leave to amend*, can only amend the defective portion of the answer, and cannot set up *new defences ;* but he may add, to the part demurred to, anything *which would strengthen the defence as originally made,* even if such matter had from any cause been passed over and left unanswered in the first pleading.

*New York General Term, November,* 1863.

SUTHERLAND, INGRAHAM and LEONARD, *Justices.*

MOTION by plaintiff to strike out part of defendants' amended answer.

JEREMIAH LAROCQUE, *for plaintiff.*
WM. CURTIS NOYES, *for defendants.*

By the court, INGRAHAM, Justice. The plaintiff demurred to one of the defences stated in the answer, and on the decision thereon leave was granted to amend on payment of costs.

An amended answer was served containing the defence formerly demurred to, and avoiding the defects in the former answer. The defendant added to the defence also a statement of absence from the county at a particular period, to deny the allegation that he had accepted a trust under an assignment. The former answer did not deny such acceptance, and therefore it was admitted.

The plaintiff moved to strike it out; which motion was denied at special term, and the plaintiff appealed.

This matter is not added as a separate defence, but as intended to aid the defence formerly demurred to. Although it was not thought necessary in the former answer to set up these facts, still I know of no rule that would prevent the party under the Code from obtaining leave to amend in this respect. The omission to contra-

dict an allegation in a pleading should not on such an application be considered equivalent to a direct admission of its truth. In the latter case some explanation would be required before a party would be allowed to make a contrary statement. Mere silence in an answer is not to be held to such a strict rule.

Where only a part of an answer is demurred to, the defendant, under the leave to amend, can only amend the defective portion of the answer, and cannot set up new defences; but he may add to the part demurred to anything which would strengthen the defence as originally made, even if such matter had from any cause been passed over and left unanswered in the first pleading.

On motion such an amendment would be allowed (*Macqueen* agt. *Babcock*, 22 *How. Pr. R.* 229 ; *Spencer* agt. *Tooker*, 21 *How. Pr. R.* 333), and defendant could do the same under the right to amend of course, and might even add new defences. (*Hyman* agt. *Redmond*, 18 *How.* 272.)

Under the enlarged system of amendments introduced by the Code, it seems to be only in accordance with the whole scope and intent of that statute to extend the rules of amendment much further than were formerly in practice.

We think the order at chambers was proper and should be affirmed.