# SUPREME COURT.

## GILCHRIST agt. GILCHRIST's Executors.

.It is the well stated rule that it is pretty much a matter of course to permit parties
  to *amend their pleadings* before trial. when the amendment will produce no delay
  of the trial, nor work any especial hardship to the adverse party. The terms
  imposed are usually the payment of the costs of the motion, and such other costs
  and expenses, if any, as the party will lose by reason of the desired amendment.
  *Held,* on this motion, that the defendant be allowed, under the above rule, to
  amend his answer by setting up the *statute of limitations.*
It is the duty of the Court to put *statutory defenses,* such as the statute of limita-
  tions, usury, &c., upon the same footing with other legal defenses.

*Saratoga Special Term, January,* 1873.

BOCKES, *J.*—Motion for leave to serve an amended answer,
setting up, among other defenses, the statute of limita-
tions.

It is pretty much a matter of course to permit parties to
amend their pleadings before trial, when the amendment
will produce no delay of the trial, nor work any especial
hardship to the adverse party. This is now the settled rul-
ings of the courts (*see Wait's Code, remarks and authorities
cited under section* 173 *of the Code*). And the terms imposed
are usually payment of the costs of the motion, and such
other costs and expenses, if any, as the party will lose by
reason of the desired amendment.

Subject to these restrictions, it is always deemed, in fur-
therance of justice, to allow amendments of pleadings, in
order to place the parties face to face before the court on
the facts and law of the case. In this case it does not ap-
pear that the plaintiff will lose any right by the proposed
amendment, existing at the time of the commencement of
the action, or at the time the original answer was interposed,

nor will he suffer such delay, if now allowed, as should be held to defeat the motion. The defendant should therefore be permitted now to interpose any just, legal and equitable defense which he may have to the action, on the terms as to costs and expenses above indicated.

But it is insisted that the statute of limitations is not a just or equitable defense; hence, now to permit it to be interposed in this case would not be "in furtherance of justice." It is urged that the defense of usury and the statute of limitations are unconscionable, and should not be permitted, unless promptly interposed, and, should never be allowed to be interposed as a matter of favor. Such, I think, was the very general ruling prior to the Code (6 *Cow.*, 606; 1 *Cow.*, 158; 1 *Wend.*, 302; 2 *Wend.*, 294; 3 *Wend.*, 573; 6 *Hill*, 223; 6 *Hill*, 227). These are few of the many cases holding to this rule prior to the Code. So, too, there are many similar decisions since the Code (21 *How.*, 455; 22 *How.*, 229; 7 *How.*, 234; 20 *How.*, 72; 37 *How.*, 23). There are other cases also to the same effect as those cited since the Code. All the above cases held the rule that the defense of the statute of limitations (or usury) was a strict defense; and if the party let it slip, the court would not relieve him. In the case of *Bates* agt. *Voorhees* (7 *How.*, 234), the propriety of this rule was questioned. Judge HARRIS there remarked that the soundness of a discrimination by the courts against defenses denominated unconscionable might well be doubted; and he added that he did not see upon what principle a court should take upon itself to pronounce a defense, with which the law has provided the defendant, hard or unconscionable. The learned judge adhered, however, to what he deemed the settled rule. But there are also more recently many cases holding that the discrimination above suggested was unauthorized and improper. It is said that usury and the statute of limitations are legal defenses, based upon principles of public policy, and should be recognised by the courts, as standing on the same footing

with other legal and equitable rights, such as payment, accord and satisfaction, and set off (12 *How.*, 408 ; 4 *How.*, 216). In this last case cited, PARKER, *J.*, is reported as saying that, so long as the statute made the taking of usury a defense, it was entitled to be treated like every other legal defense, and he would make no discrimination in imposing terms. This remark received the approval of DAVIES, *J.*, in *Brown* agt. *Mitchell* (12 *How.*, 408). More recently it was expressly decided in *Sheldon* agt. *Adams* (41 *Barb.*, 54), that " in exercising the power of allowing amendments in furtherance of justice, no discrimination should be made by the courts between legal defenses offered to be set up on account of their character ; that all defenses, recognized by statute as being such, including those styled unconscionable, such as the statute of limitations, usury, &c., stand upon an equal footing in this respect." In this case, POTTER, *J.*, say that this " is now the settled doctrine of the court of appeals." The cases in the court of appeals will presently be considered. Subsequently, and in 1867, this subject was again under examination in the *Bank of Troy* agt. *Bassett* (3 *Abb.*, *N. S.*, 359), and the former rule of discrimination, in regard to statutory defenses, was disapproved. We come now to the cases in the court of appeals. In *Catlin* agt. *Gunter* (11 *N. Y.*, 368), it is said that " we are not warranted in applying a different rule to the defense of usury from what we would hold applicable in other cases ;" and further, " the law has not made any distinction between such defenses, and those where no forfeiture is involved, and the court can make none." These remarks are cited with approval in two of the cases above referred to, and express, as I conceive, the opinion of the highest court in the state. Again, in *McQueen* agt. *Babcock* (3 *Keyes*, 428), although the precise question here presented was not up, Judge GROVER, speaking for the court, says, " the idea that the defense of usury, or of the statute of limitations, was to be treated in this respect different from other defenses, has been

exploded. Courts now regard all legal defenses as entitled in this respect to the same consideration." The learned judge was here speaking of the right of amendment. So, I think, Judge POTTER was right in saying (41 *Barb.*, 57), that it is the settled doctrine of the court of appeals no longer to mark a rule of discrimination in allowing amendments of pleadings against statutory defenses, such as usury and the statute of limitations. Upon reflection, I think Judge PECKHAM spoke well when he said in the *Bank of Kinderhook* agt. *Gifford* (40 *Barb.*, 659), in substance that we have no right to say that a defense declared by statute is inequitable and wrong, for it is saying that the law is inequitable and wrong. He adds: "It is no necessary part of a judge's duty to define or declare the wisdom of any legislative enactment; the act being plain, the court have but one duty, and that is to declare and enforce it. There is no excuse whatever for attempting to evade and nullify it." Further, in considering the subject, he says that the weight of authority is decidedly to the effect "that, on opening a default properly excused, the court will not impose as a condition that the defendant shall not set up what is termed a hard or unconscionable defense, as usury or the statute of limitations; and he furthermore remarks: "There should be no selection or choice by the court as to what law should be enforced or what should be evaded or nullified; what should be favored, and what should be treated with disfavor. The principle and policy of this favor and disfavor are wrong."

If, then, it is the duty of the court to put statutory defenses upon the same footing with other legal defenses, it seems to me that the amendment asked for should be allowed. If the proposed defense sought to be interposed were payment, release, or accord and satisfaction, there should be no hesitation in allowing it on the usual terms; and if the statute of limitations is to be treated with the same consideration as payment would be, then that also should be

permitted.    That it should be so regarded seems  now to be settled both on principle and authority.    I  can add nothing to what has been said on this  subject in the numerous cases cited, nor is it needful where, as I conceive it, the rule by which I must be governed has been repeatedly and definitely settled by the courts.    I think I am  bound  by authority to grant the motion.    As stated in the outset, it is pretty much a matter of course to permit parties to amend  their plead-ings at any time before trial, when it will produce no delay, nor work any peculiar hardship to the adverse party.    It is the right of both parties to have the entire  case  before the court on the facts and the law.    Thus, to admit  the case complete, in all its aspects, is in furtherance of justice.    I do not see that any delay or injury, of which  any one can rightfully complain, will result by allowing the amendment proposed.

Motion granted on payment of costs.