CASE No. 793.

MASON v. JOHNSON.

1. Referees have the same power as the courts to allow amendments to a pleading.
2. Amendments within the power of the court to grant are not ordinarily reviewable on appeal.

3. A referee, to whom it is referred to decide all issues of fact and report, may allow defendant at the trial to amend his answer by pleading the statute of limitations.

4. A settlement by a guardian with his ward, after the ward's majority, purporting to be in full and claiming a balance due by the ward, made in the presence of the judge of probate and upon which the guardian receives from such officer his discharge as guardian, gives currency to the statute of limitations. Distinction drawn between this case and *Renwick* v. *Smith,* 11 *S. C.* 294.

Before Pressley, J., Spartanburg, June, 1879.

Action by Miles P. Mason against Elias Johnson, on guardianship bond, commenced February 3d, 1879. The case was referred to S. J. Simpson, Esq., as "special referee to take testimony and decide all issues of fact arising herein and that he do report the same to this court."

At the reference, before any testimony was taken, motion was made by defendant for leave to amend his answer by setting up as a defence the statute of limitations. Plaintiff objected, but the referee allowed the amendment; and plaintiff excepted. The following are the findings of fact by the referee:

The defendant was appointed guardian of the plaintiff in 1858, and made his returns regularly to the then Ordinary until 1868. The ward (the plaintiff) came of age August, 1868.

In November, 1868, defendant and plaintiff agreed, to avoid the necessity of filing petition, giving notice, &c., to come into the Probate Court to have a final settlement of the guardianship matters. In compliance with this agreement they did meet in the Probate judge's office, November, 1868, neither party being represented by counsel. On that day the defendant made his final return as guardian and upon the same sheet, after making up a statement of the accounts, the Probate judge made the following decree: "It is decreed that Miles P. Mason refund to his guardian, Elias Johnson, the sum of money in U. S. A. currency equal to $60.85 confederate money at the time the guardian bonded his ward's money."

The plaintiff testified that he did not consent to anything that was done on that occasion. The referee is satisfied that the plaintiff did agree with defendant to be present, that he was present

while settlement was being made up and that he heard the decree read over to him by the Probate judge.

Afterwards, when defendant offered to turn over to him (plaintiff) the confederate bonds which had been allowed as an investment in making up the settlement, the plaintiff then said he had no use for them and arose in anger and left the room.

In September, 1869, the Probate judge, after hearing his petition, granted the defendant a final discharge as guardian. After this settlement and decree, up to the time of the commencement of this suit, the plaintiff made no complaint to the defendant, nor ever expressed any dissatisfaction on account of the decree except as above stated immediately after the decree was read over to him.

The Circuit judge sustained the action of the referee in allowing the amendment to defendant's answer, and dismissed the complaint, upon the ground that the action was barred by the statute of limitations. Plaintiff appealed.

*Mr. J. S. R. Thomson*, for appellant.

The Court of Probate is a court of limited jurisdiction, and was, therefore, without authority to make the decree of November, 1868. *Freem. on Void Jud. Sales*, §§ 4, 8; *Freem. on Judg.*, § 517; 8 *Pet.* 436; 1 *Bail.* 457; 10 *S. C.* 349; *Const., Art. IV.*, § 20; 4 *S. C.* 353; 20 *Wall.* 375; *Cooley on Const. Lim.* *68; 5 *S. C.* 117; 6 *Id.* 462; 1 *Strob.* 1.

The statute is no bar to this action; which seeks to collect the amount due by a guardian, who is a trustee, to his ward. The statute could only avail where the answer alleged, which it does not here, that there had been a disavowal of the trust. But if such allegation had been made it would not avail; no right whatever can be acquired under a void decree, nor will it give currency to the statute. *Freem. on Judg.*, § 117; 2 *Hill Ch.* 232; 5 *Rich. Eq.* 31; 11 *S. C.* 294. And the statute does not run in favor of the trustee after a disavowal, if the *cestui que trust* be under undue influence. 24 *Ga.* 217, 558; 3 *Jones Eq.* 248; 2 *Hill Ch.* 71; *Id.* 286; 1 *S. C.* 423.

The Circuit judge did not, himself, allow the amendment—he approved the referee's action. The referee had no such power.

Section 296 of the code has no bearing upon a reference like this. 3 *Wait Prac.* 323, 324; 12 *S. C.* 154; *Edw. on Ref.* 33; *Hoff. on Ref.* 28; 32 *Barb.* 557; 6 *Abb. Pr. R.* 214; 8 *Hun* 81; *Voorh. Code* 351, § 173, *note e*; 19 *How. Pr.* 273; 35 *How. Pr.* 321; 5 *S. C.* 288.

The discharge granted the guardian cannot affect appellant's rights, as he had no notice of the application. *Spears Eq.* 435; 3 *S. C.* 394; 7 *S. C.* 60. If correct, defendant should not have leave to amend. 9 *S. C.* 376; 2 *Strob.* 160; 1 *Brev.* 164.

*Mr. J. W. Carlisle*, for respondent.

A motion for leave to amend is within the discretion of the court, and not appealable. 9 *S. C.* 330; 38 *N. Y.* 206. Referees have full power to grant amendments. 22 *How. Pr.* 481; 31 *Id.* 164; *Code*, § 296; 10 *S. C.* 98. And statute of limitations may be pleaded by amended answer. 4 *Wait Prac.* 652, 661; 44 *How. Pr.* 317. The statute is a bar to this action. The settlement and the discharge are both disavowals of the trust. 1 *Strob. Eq.* 79; 3 *Id.* 42; 4 *Rich. Eq.* 60; 14 *Id.* 176; 4 *Strob. Eq.* 197; 11 *S. C.* 294.

January 8th, 1880. The opinion of the court was delivered by

McIVER, A. J. The only questions raised by this appeal are: 1. Whether the Circuit judge erred in sustaining the action of the referee in allowing the defendant to amend his answer at the opening of the reference, by adding thereto the plea of the statute of limitations. 2. Whether such plea was a bar to the action.

Referees have the same power to allow amendments to any pleading as the court has, (*Code*, § 296,) and, ordinarily, a motion for leave to amend is addressed to the discretion of the court and is not appealable, provided the amendment is such as it is within the power of the court to grant. *Chichester* v. *Hastie*, 9 *S. C.* 330; *Richtmeyer* v. *Remsen*, 38 *N. Y.* 206. While at one time it seemed to be thought by the courts of New York that they had no power, upon the trial, to allow the defendant to amend by pleading the statute of limitations, the latter and more approved opinion is otherwise. 4 *Wait Pr.* 652; *Gilchrist* v. *Gilchrist*, 44 *How. Pr.* 317.

The next inquiry is, whether the statute was a bar to the action. " If a trustee does an act purporting to be a termination of the trust; if he has a settlement which is intended to be in full; if he settles as to part and claims the residue in his own right; if he denies the trust in the presence of the *cestui que trust*, these acts, or any of them, will so far disturb and dissolve the strictly fiduciary relations between the trustee and his *cestui que trust* as that the statute of limitations will commence to run from the date of such acts." *Brockington* v. *Camlin*, 4 *Strob. Eq.* 189 ; recognized and approved in *Long* v. *Cason*, 4 *Rich. Eq.* 63 ; and again in *Colburn* v. *Holland*, 14 *Rich. Eq.* 241. Now in this case the settlement made in the office of the judge of probate, between the guardian and his ward, several months after the latter had attained his majority, followed up by the order of the judge of probate for the final discharge of the guardian, unquestionably indicated, in the most unequivocal manner, the purpose of the guardian to terminate the fiduciary relations previously existing, and as this action was not brought within the statutory period, thereafter it must be held to be barred.

Whether the Court of Probate had jurisdiction of an action brought by a ward, after attaining his majority, against his guardian for an account, was not considered by the court below, and is not before us for determination. For the validity of the bar of the statute does not rest upon the fact that a decree had been made by a court of competent jurisdiction, but simply upon the fact that there had been a settlement, which, if it had been made by a private individual as a mutual friend of, or an arbitrator between, the parties, would have given currency to the statute, as it was an act purporting to be a termination of the trust, and so intended by the parties. This case differs from that of *Renwick* v. *Smith*, 11 *S. C.* 294, and other cases of that class, in the important fact that it did not appear, in that case, that the parties sought to be affected by it had any notice of the settlement or final return relied upon, while here the plaintiff was present when the settlement was made, and was fully cognizant of the result.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., concurred.