THOMAS G. BRADLEY, Appellant, v. THE PHŒNIX INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, November 21, 1887.

1. PLEADING—PRACTICE—AMENDMENTS WITH AND WITHOUT LEAVE. Section 3571, Revised Statutes, provides that "a petition, or answer, may be amended by the proper party, of course, without costs and without prejudice to the proceedings already had, at any time before the answer or reply thereto shall be filed." And notwithstanding the old rule which disfavored unconscionable pleas, like usury and the lapse of time, where the statute thus allows a party to amend without leave of court, or, "of course," he may amend by first interposing the statute of limitations.

2. INSURANCE—CONDITIONS IN POLICY AS TO TIME OF BRINGING SUIT—CASE ADJUDGED.—One of the conditions of the policy of insurance sued on was this: "That no suit or action against the company should be sustainable * * * , unless such suit or action should be commenced within six months next after the loss should occur," etc. The action, in this case, was not commenced within the prescribed period. *Held*, that the period of limitation began to run from the date of the loss by fire, and not from the date of the proofs of loss made and presented. *Held, further*, that there was no waiver of the condition in this case.

Appeal from Johnson Circuit Court, Hon. Chas. W. Sloan, Judge.

*Affirmed.*

The case is stated in the opinion.

Samuel P. Sparks, for the appellant.

I.    The court erred in refusing appellant's motion to make answer definite, by striking out the allegation " denies each and every other allegation not hereinafter specifically admitted." *Long v. Long,* 79 Mo. 649.

II.    The court erred in refusing the motion to strike out the defence based on the limitation clause of the policy.    Courts ought not to allow a party to amend for the purpose of setting up an unconscionable defence. Bliss on Code Pleading, sect. 431.    Such a limitation is now void.    Laws of Mo. 1887, p. 99.    The provision is for the benefit of the insurer and could be waived and was waived here by failing to plead it and defending on other grounds.    Bliss on Life Ins., sect. 265; Wood on Limitations, sect. 42; May on Ins., sect. 488; 2 Wood on Ins., sect. 470; *Horwitz v. Ins. Co.,* 40 Mo. 557 ; *Beische v. Ins. Co.,* 31 Mo. 546.

III.    The same rules govern, in the construction and interpretation of an insurance contract, as in other contracts, all its clauses must be construed together, and effect, if possible, be given to each.    *Mitchell Furn. Co. v. Ins. Co.,* 17 Mo. App. 627; *Webb v. Ins. Co.,* 14 Mo. 8 ; *Riddlesberger v. Ins. Co.,* 7 Wall. 389; *Vette v. Ins. Co.,* 30 Fed. Rep. 668; 1 Wood on Fire Ins., sect. 58; 2 Wood on Fire Ins., sect. 470, p. 1036 ; *Tesson v. Ins. Co.,* 40 Mo. 33; *Brown v. Ins. Co.,* 45 Mo. 221; *Wells, Fargo & Co. v. Pac. Ins. Co.,* 44 Col. 397.

IV.    Giving effect to all the provisions of the policy—the limitation of six months in which the insured was required to bring suit did not begin to run until sixty days after the filing of the proofs in the

Chicago office of respondent, and it was error to sustain the motion of respondent for judgment on the pleadings. *Vette v. Ins. Co.*, 30 Fed. Rep. 668 ; *Steen v. Ins. Co.*, 89 N. Y. 315 ; *Mayor v. Ins. Co.*, 39 N. Y. 45 ; *Spare v. Ins. Co.*, 17 Fed. Rep. 568 ; *Chandler v. Ins. Co.*, 21 Minn. 85 ; May on Ins., sects. 479, 487 ; 2 Wood on Ins., sects. 469, 470 ; *Martin v. Ins. Co.*, 44 N. J. L. 485 ; *Ins. Co. v. Dodge*, 44 Mich. 420 ; *Ames v. Ins. Co.*, 14 N. Y. 253 ; *Hay v. Ins. Co.*, 77 N. Y. 235 ; *DeGrove v. Ins. Co.*, 61 N. Y. 594 ; *Barber v. Ins. Co.*, 16 W. Va.; *Chandler v. Ins. Co.*, 21 Minn.; s. c., 3 Cent. Law Jour., and authorities cited ; *Killips v. Ins. Co.*, 28 Wis. 472, 474 ; *Ellis v. Ins. Co.*, 20 N. W. Rep. [Iowa] 782 ; see leading article, 21 C. L. J. 24 ; Bliss on Life Ins. [Ed. 1872] sects. 358 to 368.

V. No suit could have been maintained on this policy until sixty days after the receipt of the proof of loss in the Chicago office. Appellant's petition averred the fire occurred September 26, 1885; the replication that the proofs were received in Chicago December 24, 1885. As to when the limitation commences to run in a policy of this description has never been decided in this state. In 66 Mo. 32 and 42 Mo. 38, all that was decided, or up for decision, was the validity of such limitation, and nothing more, about which there is no contention.

VI. The company, by consenting to the assignment to the Connecticut Mutual Life Insurance Company, thereby consented to, and ratified, the act of appellant's assignor in putting it out of his power to sue until the payment of the amount due it, and the limitation clause did not begin to run until he had re-acquired the right to sue. *Martin v. Ins. Co.*, 44 N. J. L. 480.

J. W. SUDDATH and GEO. P. B. JACKSON, for the respondent.

I. (*a*) The answer was clear and specific and in accordance with the statute. It did not fall within the

criticism of *Long v. Long* (79 Mo. 649). (*b*) The answer was good in form. *Griffin v. Railroad*, 2 Central Rep. 382; *Clark v. Dillon*, 97 N. Y. 370; Bliss on Code Pleading [Ed. 1879] sect. 331, p. 331. (*c*) In view of the subsequent proceedings, it is immaterial whether the defendant's denials were stricken out of the answer or allowed to remain.

II. (*a*) The court permitted the amended answer to be filed in accordance with the statute authorizing amendments, and, therefore, it was not proper to strike out any portion of it, even if it was an amendment. The other parts of plaintiff's second motion are the converse of defendant's, and raise the same questions. That motion was properly overruled for the reasons stated in the next point, and because (*b*) under a rule, "of course," as provided by Revised Statutes, section 3571, any defence whatever may be included in an amended answer. *Corley v. McKay*, 9 Mo. App. 39, *loc. cit.* 41; *McQueen v. Babcock*, 42 N. Y. App. [3 Keyes] 428; *Jackson v. Peer*, 4 Cowan, 418, *loc. cit.* 434; Bliss on Code Pleading [Ed. 1879] sects. 430–31; Moak's Van Santvoord's Pleading [Ed. 1873] 821, 822, 830.

III. The court properly sustained the motion for judgment on the pleadings. The reply admitted every fact which entitled the defendant to judgment. The six months, within which suit was to be brought, commenced to run from the day the loss occurred, and not from the time at which it was payable. This was a valid contractual provision, to be enforced as the parties had made it. *Keim v. Ins. Co.*, 42 Mo. 38; *Glass v. Walker*, 66 Mo. 32; *Johnson v. Ins. Co.*, 91 Ill. 92; *Fullman v. Ins. Co.*, 7 Gray, 61; *Patrick v. Ins. Co.*, 43 N. H. 621. It is not necessary that under all circumstances the suit must be delayed until after time named for payment. *Phillip v. Ins. Co.*, 14 Mo. 220.

IV. The defendant had not waived this defence. To constitute a waiver there must have been some consideration, or some act inducing delay to sue, and in

·that connection there should have been some reference to the condition and to the time of suing. · *Ripley v. Ins. Co.*, 20 N. Y. 136. There must have been bad faith, or acts preventing suit, or inducing belief that it was unnecessary. *Fullman v. Ins. Co.*, 7 Gray, 61; *Little v. Ins. Co.*, 123 Mass. 380. Making an investigation, and offer to pay, did not waive any condition when timely notice was given that a performance was required. *Noonan v. Ins. Co.*, 21 Mo. 81.

PHILIPS, P. J.—This is an action to recover on an insurance policy for loss sustained by fire. The loss is alleged in the petition to have occurred on the twenty-sixth day of September, 1885. The answer pleaded several matters in defence, predicated on provisions contained in the contract of insurance, principal among which is this: It was made a condition in said policy, that no suit or action against the company should be sustainable in any court of law or chancery for the recovery of any claim by virtue of this policy, unless such suit or action shall be commenced within six months next after the loss shall occur, and should any suit or action be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary, notwithstanding. It is averred in the answer that this action was not commenced within the prescribed period of six months after the loss occurred. The replication admitted this allegation of the answer; but pleaded by way of legal conclusion, that by the terms aforesaid the loss did not become due and payable until after sixty days from the receipt of the proofs of loss at the Chicago office of defendant, which was about the twenty-second day of December, 1885; and that defendant, on receipt of the same, made no objection thereto, and promised the assured that the loss would be speedily adjusted, until about the twenty-fifth day of January, 1886, when the assured, for value received, as-

signed the said claim to the plaintiff herein, who immediately informed the defendant of such assignment, and that defendant, on or about the fifteenth day of February, 1886, refused payment to the plaintiff, on the ground of failure to make proof of loss, and give notice thereof, as required by the terms of the policy, and that there had been fraud practiced upon the company by the assured as to the condition of the property insured, etc. ; and that the assured delayed bringing suit, under the belief induced by the conduct of the defendant that it would adjust the loss, down to the sixteenth day of January, 1886, when the company notified the assured, plaintiff's assignor, of its refusal to pay, which refusal was based on the alleged fraud of the assured in misrepresenting the condition of the property, etc. On this reply the defendant moved for judgment, on the ground that the action was barred by the lapse of time specified in the policy, the action not having been instituted until the twenty-second day of May, 1886, more than six months after the said loss occurred. The court sustained this motion, and entered judgment accordingly for defendant. Plaintiff has appealed. Some preliminary questions are raised by defendant respecting the proceedings had in the trial court, prior to the motion for judgment, which will be disposed of in their order.

I.   The answer was objected to because it started out with a denial of "each and every allegation therein set forth, which is not hereinafter specifically admitted." We adhere to what is said in *Long v. Long* (79 Mo. 649), touching this matter of pleading. But without stopping to inquire whether or not the answer under review falls under the denunciation of that opinion, it is sufficient to say, that as the determination of this case finally turns upon the facts admitted in the pleadings, it is wholly immaterial to rectify the imputed defect.

II.   On filing the answer, which purports to be an amended answer, the plaintiff filed motion to strike out

that portion of it which pleads the six months limitation in bar, for the following reasons :

"1.  Because the facts, relied on and set forth in said portion of said amended answer, existed and were known to said defendant at the time of filing his original answer herein, and was by it waived, and plaintiff, relying upon such waiver, has gone to great expense in taking depositions and otherwise preparing for trial.

"2.  Because there is no merit in said defence so added as to entitle said defendant to said amendment ; but it is a provision in the nature of a limitation for defendant's sole benefit and precludes a trial of this cause on the merits.

"3.  Because said provision is void as against public policy and the time therein limited is unreasonable.

"4.  Because said portion of said answer is inconsistent with the allegations set out in the said answer to the effect that the loss, under said policy, should become due and payable within sixty days of the filing of proofs of loss in the office of the company at Chicago.

"5.  Because it nowhere appears in said answer, that six months had elapsed after filing of the proofs as required by the policy, before the commencement of this suit by plaintiff."

The abstract does not furnish us with the original answer, so as to enable us to determine what it contained. The plaintiff, in his abstract, merely states that he introduced in evidence that answer, and we are left to infer that it supported his contention, but it is a mere inference.  But, even if the fact be conceded that the first answer did not interpose the limitation in bar, the objection is not well taken.  The code (sect. 3571) provides that :  "A petition, or answer, may be amended by the proper party, of course, without costs, and without prejudice to the proceeding already had, at any time before the answer or reply thereto shall be filed."  So it is held that, notwithstanding the old rule, which disfavored unconscionable pleas, like usury and the lapse of time, where the statute thus allows a party to amend

without leave of court, or "of course," he may amend
by first interposing the statute of limitation. *Maqueen
v. Babcock*, 13 Abb. Pr. 268 ; s. c., 22 How. Pr. 229 ;
*Bank v. Bassett*, 3 Abb. Pr. 362 ; *Gilchrist v. Gilchrist*,
44 How. Pr. 317 ; *Bank v. Gelford*, 40 Barb. 659 ; Moak's
Van Sant. Plead. [Ed. 1879] 821, 829, 830 ; Bliss' Code
Plead. [last Ed.] 431.   Furthermore, it is questionable,
in my mind, if the plaintiff, by replying and putting in
issue facts in avoidance of the plea, has not waived the
objection raised in the motion.   *Scoville v. Glasner*, 79
Mo. 455.   How he could have been prejudiced by the
coming in of the amendment, after taking depositions,
is not apparent, when he admits the contract, and pleads
facts in avoidance.   Certainly his depositions did not go
to this issue ; and if they did, he is not injured, as by
the motion and judgment thereon the facts pleaded in
reply stand admitted.   And, more than this, the plaintiff
claims that the matter so pleaded in the answer consti-
tutes no bar in law.

III.   This brings us to the consideration of the real,
controlling question involved in this appeal :  Was the ac-
tion barred by reason of the failure to institute suit
within six months after the date of the fire ?  The plain-
tiff contends that the six months' limitation did not be-
gin to run until after the period of sixty days had
elapsed for making payment after proof of loss was re-
ceived by the company, at its office in Chicago ; while
defendant contends that the six months' limitation began
to run from the day the property was destroyed by fire.
If the plaintiff's position be correct, the judgment must
be reversed.   If defendant's position be the correct one,
the judgment must stand.   The policy, as disclosed by
the petition, contained the provision, prior to the one
respecting the six months' limitation :  "that the amount
of loss or damage, to be estimated according to the
actual cash value, at the time of the loss, and to be paid
sixty days after the proofs of the same, required by the
company, shall have been made by the assured, and re-
ceived at the office of said defendant in Chicago, and

the loss shall have been ascertained and ·proved, in accordance with the terms and ·provisions of its policy." If the six months' limitation stood alone, I should feel no hesitancy in holding· that the policy meant exactly what it says : that no suit was maintainable thereon after the expiration of six months from the day the loss occurred. "Words and phrases shall be taken in their plain, or ordinary, and usual sense ; but technical words and phrases, having a peculiar and appropriate meaning in law, shall be understood according to their technical import." Rev. Stat., sect. 3126.

The word "occur" is an ordinary one, and in such connection plainly means "to befall, to happen." Wor. Dic. It has no technical import. If it were said when A's death, or marriage occurred, or when the war occurred, or the fire occurred which consumed A's house, every person would at once understand it had reference to the time, the date, when the event befell, or happened. When did this loss occur ? Certainly, on the day, at the instant, when the property was destroyed by the fire. The term employed in the contract is apt and unambiguous. And but for the fact that courts of high character, notably of New York, have construed the term "occur," in such connection, as synonymous with the term "accrue," I should deem the question answered by the statement. The argument of the advocates of this rule of construction is, that as the contract of insurance contains the antecedent stipulation that no right of action accrues until sixty days after the proofs of loss have been made and presented, according to the requirements of the policy, the two provisions should be considered and construed together ; that as the sixty days period is a bar to any right of action against the company prior to its expiration, the period of six months accorded by the other provision would in effect be reduced to four months, "and the time is subjected to such additional abatement as may be made necessary by alleged inadequacy of proof of controversies between the insurers and the policy holders before such loss is satisfactorily ascer-

tained.'' It is further argued that it is but reasonable to give the assured the full benefit of the six months; that the general rule in respect of a statutory limitation is, that it does not begin to run until the right of action has accrued, that is, until the plaintiff is at liberty to sue; and, by parity of reasoning, the special statute of limitation imported into the contract should not be so construed as to make it operative during a period when, by the express provisions of the contract, the assured is prevented from suing; that the provision limiting the right of action to six months after the loss occurs, being inserted for the special benefit of the insurer, if, by coupling it with other provisions of the same contract, a doubt arises as to its proper import, that doubt should be resolved most strongly in favor of the assured, against whom it was intended to operate. It must be confessed that this rule of construction, respecting such contracts of insurance, is supported by the weight of authority. *Ames v. Insurance Co.*, 14 N. Y. 253; *Mayor v. Insurance Co.*, 39 N. Y. 45; *Hay v. Insurance Co.*, 77 N. Y. 235; *Steere v. Insurance Co.*, 89 N. Y. 315; *Chandler v. Ins. Co.*, 21 Minn. 85; *Killips v. Ins. Co.*, 28 Wis. 472, 474; *Martin v. Ins. Co.*, 44 N. Y. 4?5; *Ellis v. Ins. Co.*, 20 N. W. Rep. 782; *Vette v. Ins. Co.*, 30 Fed. Rep. 668; May on Insurance, sect. 479. Opposed to this view are the important cases of *Fullam v. Ins. Co.* (7 Gray, 61); *Johnson v. Insurance Co.* (91 Ill. 92), and *Glass v. Walker* (66 Mo. 32). In favor of the latter authorities it is to be said, aside from the plain letter of the contract respecting the six months limitation, that the rule which requires that each and every part of the instrument should be looked to in giving construction and operation to a given part, or particular clause, should be limited in its application to instances where it is essential to ascertain the true meaning of some part in and of itself obscure, or where a literal application of the words might produce confusion or contradiction in other parts of the same instrument. The object of such rules of construction is to preserve harmony in all

the parts of the instrument. But where the language of the particular part is clear and unambiguous, and its literal application would produce no necessary conflict with other provisions of the contract, effect should be given to the obvious import of the words of the particular part or provision.

The first provision of this contract is, that the company shall have sixty days of grace in which to make payment after the assured has furnished the required proofs of loss. This period is much within the control of the assured. He may hasten or delay his part of the work at pleasure, and at his own risk. The other provision simply declares that such proofs must be so made, that while affording the company its days of grace, yet, in no event to be so prolonged as to extend the right of action under the contract beyond the period of six months from the day the loss occurs; with the exception, of course, that the insurance company may, by its conduct, or misconduct, create a waiver or estoppel. The company, by an arbitrary refusal to adjust the loss, could not prolong the sixty days period in which the policy holder could sue. Where it refuses to adjust, the right of action accrues at once, regardless of the sixty days limitation. *Philips v. Insurance Co.*, 14 Mo. 221. But whatever may be our opinion as to the merits of the rule in question, we feel constrained to regard it as adjudicated in the case of *Glass v. Walker* (*supra*). The policy contained similar provisions to those under consideration, the only difference being twelve months in the one case, and six in the other.

The insurance company had sent its adjuster to inspect the property after the fire, who informed the assured that he thought his proofs were sufficient, and if anything further was needed the company would so advise him. After this the company notified him it would not pay the loss. Suit was brought. On the trial, the court instructed the jury that, "unless they found that the suit was commenced within twelve

months (the period provided for in the policy) next after the loss occurred, they should find the issue for the defendant." The Supreme Court sustained this declaration of law. It is true, as suggested by plaintiff's counsel, that Judge Norton, who delivered the opinion, argued mainly the question of the legality of such special contractual limitation in contravention of the statutory period ; but in the conclusion of the opinion he distinctly said : " In the case at bar, the loss occurred on the fourteenth of November, 1872, and the petition of plaintiff was filed on the sixth day of December, 1873." Had the sixty days been accorded the plaintiff, as contended for in the case under review, the period of twelve months, prescribed in the contract, had not run. So it is manifest that the court applied the construction to this contract, that the term, " occur," meant when the fire occurred, and that the period of limitation began to run from that date. Otherwise, the conclusion reached was wrong ; and we are not permitted to review the decision of that court and hold otherwise.

IV. The only remaining question for determination is, was there a waiver by defendant of this provision of the contract by reason of any of the matters pleaded in the reply ? The six months did not expire until the twenty-eighth day of March, 1886. The pleadings show that as early as the sixteenth day of January, 1886, the defendant notified the assured of its refusal to settle. That instant the assured had a cause of action, and over two months left in which to institute it. Again, on the fifteenth day of February, after the assured had assigned the contract to plaintiff, the company notified the plaintiff that it would not settle. He then had one month and a half left in which to sue. There could, in such case, be no complaint on plaintiff's part, of the shortness or unreasonableness of the time left him in which to sue, after negotiations for settlement had thus ended. *Thompson v. Railroad*, 22 Mo. App. 321. There is no pretense that after the positive refusal to settle, at the periods above stated, the defendant did or

said anything to mislead or deceive the plaintiff into inaction.

The only other matter relied upon in the reply, as avoiding the limitation, is the fact that while the assured held the policy he hypothecated it with the Mutual Life Insurance Company, of Connecticut, as collateral security for money borrowed by him from said company; that this hypothecation was made with the approval of defendant; and that, as the assignor was to pay off this debt, and failed to do so, the plaintiff could not procure the policy until the twenty-first day of April, so as to bring suit. Plaintiff contends that the defendant, by thus assenting to the pledge of the policy as security, ratified the act of the assignor in putting it out of plaintiff's power to control the policy earlier than April, 1886. In support of this remarkable proposition, we are referred to the case of *Marts v. Cumberland Mutual Fire Insurance Co.* (44 N. J. Law, 478). The case has no relevancy to the point in issue here. By consenting to the hypothecation of the policy, the defendant would be estopped to make any defence predicated upon such act. But why the defendant should be barred from pleading the limitation to an action on the policy prescribed in it, merely because the plaintiff's assignor, the party with whom its contract was made, would not pay his debt to the company, and reclaim his policy, is not apparent. Surely the party assured could not avail himself of his default with the Connecticut Company as a defence to his contract with defendant; and the assignee stood in the shoes of the assignor. The plaintiff, for his own protection, could have paid off the lien of the Connecticut Insurance Company, and obtained possession of the instrument. He would have had recourse on his assignor. But as to this defendant, any complication arising out of the contract with the other company, was clearly *res inter alios acta.*

It follows that the judgment of the circuit court is affirmed. Ellison, J., concurs. Hall, J., absent.