reasoning of the learned trial judge, enforced, as it is, by these decisions of the court of appeals to which we have called attention, and which support his view that, upon the death of the sole person beneficially interested in the recovery under the statute, an action for tort not involving an injury to property rights abated.

In addition to the judgment, we have examined the orders appealed from, and do not think that we should interfere with the disposition made by the judges at special term. We have concluded that the judgment and orders should be in all respects affirmed, with costs.

VAN BRUNT, P. J., concurs.

---

### OTTEN et al. v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

SUPPLEMENTAL COMPLAINT—UNAUTHORIZED ALLEGATIONS—ACCEPTANCE.

If, upon the granting of a motion for leave to serve a supplemental complaint, the plaintiff is aggrieved by restrictions in the order as settled, his remedy is by appeal; and it is not correct practice for him to include in the supplemental complaint facts or allegations for which the court's permission has not been obtained, and then move to compel the acceptance thereof by the defendant, who has duly returned it, after service, as not within the terms of the order.

Appeal from special term.

Action by Dora Otten and others against the Manhattan Railway Company. From an order denying motion to compel defendant to accept service of a supplemental complaint, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. W. Badger, for appellants.
William H. Godden, for respondent.

O'BRIEN, J. The plaintiffs served a supplemental complaint, which the defendant's attorney duly returned, with a notice that allegations were inserted in such pleading which were not within the terms of the order granting leave to serve supplemental complaint. Thereupon the plaintiffs moved to compel its acceptance, which motion was denied, and from the order entered thereon this appeal is taken. The original motion to serve a supplemental complaint was made on the petition of the plaintiffs, asking for an order continuing the action, and substituting the plaintiffs in place of their testator, and for leave to serve a supplemental complaint setting forth the facts relating to the devolution of title. No opposition was made to such application, but the judge, at the request of the defendant's counsel, directed that the order be settled on notice. The defendant submitted a proposed order, which the plaintiffs refused to approve as to form, taking the position that, although they only asked for leave to continue the action and to interpose a supplemental complaint setting forth the devolution of title, yet they could, as the result of

48 N.Y.S.—60

granting such application, change the original complaint by setting up facts not included in the original complaint, with respect to a third track on the defendant's railway, and the operation of express trains thereon since the commencement of the action. The proposed order of the defendant and one proposed by the plaintiffs were submitted to the learned justice, who heard the application, and he settled the order by signing the one proposed by the defendant, which, after reciting the petition and making other provisions, concludes as follows:

"And that they have leave, as such, to serve a supplemental complaint herein within thirty days from the entry of this order, setting forth the facts alleged by them as to the devolution of the title to the premises and causes of action described in the complaint herein."

The only subject open to discussion is as to the construction to be given to the language used in the order. Did this permit a change in the original pleading by setting up facts with respect to the third track, and the operation of express trains thereon, though not included in the allegations of the original complaint? The doubt, if any exists, must be resolved in the defendant's favor, because that question was directly presented to the judge making the order. He having limited the scope of the supplemental complaint, the plaintiffs' right, if aggrieved thereby, was to appeal; but they could not, in direct opposition to the order, embrace within the supplemental complaint facts for which leave had not been obtained. The attempt to secure greater relief than was permitted was properly met by the defendant's returning the pleading. Code Civ. Proc. § 544, permits the service of a supplemental complaint, but leave therefor must be obtained from the court. The remedy in that respect is to move for just the relief which the party wishes, and the practice requires that the proposed supplemental complaint should be part of the motion papers. After an opportunity to be heard upon the motion, the court makes its order, and then to either party is accorded, as already said, the right to appeal if aggrieved by the order. But certainly it is not correct practice to include in a supplemental complaint facts or allegations for which the court's permission has not been obtained.

We think the order was right, and should be affirmed, with $10 costs and disbursements. All concur.