JOHN C. LANGE, Respondent, *v.* HENRY HIRSCH and Others, Appellants.

*Amended complaint — when a defendant will be required to accept it and to move to strike out such portions thereof as do not conform to the order authorizing its service.*

Where an amended complaint, the service of which was authorized by the court, has been returned as not complying with the order permitting it, and a new amended complaint is served (service of which is admitted on the original) which, together with the costs awarded by the order of the Special Term, is retained, pending certain negotiations in another matter, for three days after its service, at the end of which time, the negotiations having failed, it is returned, upon the ground that it does not conform to the order, the particulars in which it does not so conform not being pointed out, the defendant should be required to accept the complaint; his remedy under such circumstances being to retain the pleading, and thereafter move to strike out such portions thereof as do not conform to the terms of the order granting the plaintiff leave to serve it.

APPEAL by the defendants, Henry Hirsch and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of August, 1898, requiring the defendants to accept service of the plaintiff's amended complaint.

*Frederick Wiener*, for the appellants.

*Campbell E. Locke*, for the respondent.

O'BRIEN, J. :

The plaintiff, having been permitted to apply at Special Term for leave to amend his complaint and to serve it, was granted such leave with certain restrictions. The plaintiff then paid to. the defendants costs awarded by the order of the Special Term, and served a copy of an amended complaint. This was returned as not in compliance with the order permitting it. A new amended complaint was served, and service was admitted on the original. The amended complaint was retained for three days thereafter and then returned as not conforming to the order, and motion was made by the plaintiff to compel the defendants to accept the pleading.

The extent to which the complaint could be amended was strictly limited by the order of the Special Term, and it is undisputed that, as first served, it did not conform thereto. The pleading having been served after the time to make such service had expired, had it on that ground been returned promptly it would have necessitated a motion to open default. Instead, however, of so returning it, the defendants retained the pleading for three days and then returned it with the objection that it did not conform to the order of the Special Term, but without pointing out the particulars in which it did not so conform.

Upon receipt of the copy service was admitted on the original ; and, assuming that the amended complaint does not conform to the order, the question remains whether the practice followed by the defendants was correct. It appears that, pending negotiations in another matter, the amended complaint was retained for three days, and only after these negotiations had fallen through was the determination reached to return it. Having retained the costs and

thereafter having received the pleading and retained it for that length of time, the defendants were not at liberty to return it. Under the circumstances the proper practice was to retain the pleading and thereafter move to strike out such portions thereof as did not conform to the terms of the order of the Special Term granting leave to serve it. (*Fredericks* v. *Taylor*, 52 N. Y. 596.)

The order must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.