children, a cross-remainder is given to the other son. The sixth clause of the will also indicates the same intent, where the testator refers to the second clause as "the trust created by the second clause of this my will for my sons and their issue."

This conclusion renders it unnecessary to consider the effect of the agreement made between the widow and the two sons at or immediately prior to the probate of the will, but under that agreement it may well be doubted whether she and all persons thereafter claiming under her were not estopped from asserting that they had any interest in the real estate, the title to which claim is here made.

The trial court, therefore, was right in reaching the conclusion that the property in question passed under the will of Renwick, Sr., to the plaintiff and the defendants Murray, as trustee, and Claire R. Renwick, that the other defendants had no claim to or interest in the same, and that the plaintiff was entitled to costs. Had the judgment stopped there, then it would be affirmed, but he granted, in addition to the costs, $1,000 extra allowance, and also granted costs to the defendants Murray, as trustee, and Claire R. Renwick, together with an extra allowance of $1,000, and directed that all of the costs and allowances be recovered "out of the property herein referred to."

The plaintiff succeeded in the action, and costs were properly awarded to him, except the extra allowance, which, under the circumstances, I do not think should have been granted. Nor do I think that costs, including an extra allowance, should have been awarded to the defendants Murray, as trustee, and Claire R. Renwick; nor was there any authority for directing that the costs awarded should be recovered "out of the property."

The judgment appealed from, therefore, is modified by allowing the plaintiff the sum of $148.25 costs as taxed in the action against the defendants Henrietta H. Weeden, William B. Macomber, and Clara Macomber, and, as thus modified, affirmed, with costs to the plaintiff against the defendant Henrietta H. Weeden. All concur.

---

MANN v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. APPEAL AND ERROR (§ 1201*)—REVIEW—LEAVE TO AMEND ANSWER.

General authority to amend a pleading given by the Appellate Division on hearing on demurrer only authorizes a change of the pleading as to that part brought in question by the demurrer, and where the Appellate Division reversed an interlocutory judgment overruling a demurrer to a second separate defense in an answer and sustained a demurrer, "but, with leave to the defendant to amend its answer," etc., in the absence of a stipulation or consent to amend the other defenses, defendant should formally move at special term for leave so to do, and explain why the pleadings had not been served originally in the proposed changed form.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1201.*]

2. APPEAL AND ERROR (§ 1201*)—REVIEW—AMENDMENT OF SEPARATE DEFENSE—PRACTICE.

While under such a decision of the appellate division defendant could only serve an answer amending the second defense, he could under the

---

practice in such cases serve an amended pleading embracing all the provisions of the original pleading with such changes in the part thereof to which the demurrer had been interposed as he sees fit to make.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1201.*]

3. PLEADING (§ 240*)—AMENDMENT—ACCEPTANCE OF SERVICE.

While plaintiff by receiving an entire amended answer authorized only to be amended as to one separate defense did not waive his right to move to strike out any part thereof, the service of which was not authorized, his refusal to receive such a pleading would not authorize the court to compel him on motion to accept it and leave him to a subsequent motion to determine whether or not it was in all respects authorized.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 240.*]

4. PLEADING (§ 240*)—AMENDMENT—COMPELLING PARTY TO ACCEPT AMENDED PLEADING.

Where, on motion to compel a party to accept an amended pleading, it appears that the pleading was authorized, the court will require its acceptance.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 240.*]

Appeal from Special Term, New York County.

Action by William D'Alton Mann against the Press Publishing Company. From an order compelling plaintiff to accept "an amended supplemental answer," plaintiff appeals. Reversed, and motion denied.

See, also, 133 App. Div. 29, 117 N. Y. Supp. 779.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Albert A. Wray, for appellant.

Gilbert D. Lamb (James W. Osborne, on the brief), for respondent.

LAUGHLIN, J. When the pleading which by the order now under review the plaintiff is obliged to accept was served on his attorney, it was returned with due notice of objection that in so far as it purports to amend the second defense it was unauthorized because the changes made in that defense did not make it materially different from the condition of the pleading at the time a demurrer thereto was sustained, and that, in so far as the alleged third and partial defense and alleged fourth and separate defense contained in the original answer are amended, the same was without authority from the court and was unwarranted, and that certain admissions contained in the original answer have thereby been eliminated.

The period prescribed by the Code of Civil Procedure within which a party is at liberty to amend a pleading as of course (section 542, Code Civ. Proc.) expired before the service of this pleading, and there is no evidence, and it is not claimed, that it was served pursuant to a stipulation or by consent. The plaintiff based his claim to a right to serve the amended pleading upon an order of this court made on the appeal from an interlocutory judgment sustaining a demurrer to the second separate defense contained in the answer. The demurrer which presented the issue of law upon which the case was brought into this court was to the second separate defense contained in a supplemental answer. The Special Term overruled the demurrer, and plaintiff ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pealed. That demurrer did not present for decision any question relating to the other defenses contained in the answer, nor was any such question presented by the appeal from the interlocutory judgment overruling it. With respect to the other defenses, the defendant's time to amend them in any manner as of course had expired. The opinion of this court directed in the usual form that the interlocutory judgment be reversed, with costs, and the demurrer sustained, with costs, "but with leave to the defendant to amend its answer upon payment of the costs of the appeal and of the demurrer." The order of the court failed to follow the opinion, in that the opinion gave leave to defendant "to amend its answer," and the order provided that it be given leave "to serve an amended answer."

It would seem in the circumstances that it was obvious that this court did not intend to authorize the defendant to amend any part of the answer excepting that relating to the particular defense to which the demurrer had been interposed. In the absence of a stipulation or consent to amend the other defenses, it would be incumbent upon the defendant to make a formal motion at Special Term for leave so to do, and explain satisfactorily why, in accordance with the practice in the courts, the pleading had not been served originally in the proposed changed form. If the order of this court had followed the language of our opinion, the defendant doubtless, technically speaking, would have been entitled only to serve an answer amending the second defense but not an entire new pleading. The practice, however, in such cases, is to serve an amended pleading embracing all of the provisions of the original pleading with such changes in the part thereof to which the demurrer has been interposed, as the party granted leave thereunto sees fit to make, and that manifestly is more convenient and satisfactory and will tend less to confusion than if the original pleading were considered with amendments thereto. It has long since been the settled practice, however, that general authority to amend a pleading, given on a hearing on a demurrer, only authorizes a change of the pleading with respect to that part thereof which was brought in question by the demurrer, and that rule should be adhered to. Fielden v. Carelli, 26 How. Prac. 173.

The learned counsel for the respondent insists that the counsel for the plaintiff is wrong in his practice, and that he should have received the answer and then have moved to strike out any part thereof, the service of which was not authorized. It seems that by receiving the pleading he would not have waived his right to make such a motion. Fielden v. Carelli, supra; Robertson v. Rockland Cemetery Improvement Co. et al., 54 App. Div. 191, 66 N. Y. Supp. 632. It does not follow, however, that if he refuses to accept a pleading, part of which is clearly unauthorized, the court will on motion compel him to accept it and leave him to a subsequent motion to determine whether or not it was in all respects authorized. It may well be argued that an order of the court requiring an acceptance of the pleading was res adjudicata of the right of the party proposing it to serve it in the form presented, but that question is not involved here, and we express no opinion thereon. Of course, where on motion to compel a party to accept a

pleading it appears that the pleading was authorized, the court will require its acceptance. Robertson v. Rockland Cemetery Improvement Co., supra. The point decided in Robertson v. Rockland Cemetery Improvement Co., supra, was that after an entire answer had been stricken out as sham, with leave to serve an amended answer, the plaintiff could not refuse to accept an amended answer on the theory that an attempt was therein made to raise the same issues as those presented by the original answer which had been declared sham. It was stated in the opinion, in effect, that, if there was any question with respect to the right of the defendant to serve the answer in view of the general authority given to amend the answer, the plaintiff was not at liberty to determine that right by rejecting the answer, and that his remedy was to receive it and thereafter move to strike it out. The question there presented was analogous to one presented here by the claim of the plaintiff that the amendment of the second defense does not materially change that defense. With respect to that question, we are of opinion that the plaintiff would not have the right to reject the pleading because general authority to amend that defense was granted and that if he did the court would compel him to accept it, leaving him to such remedy, if any, as he might have by motion to strike out or by demurrer or otherwise. Where, however, a party, under the guise of leave to amend a pleading, serves a pleading clearly not authorized by the leave granted, the party upon whom it is served may return it, and on a motion to compel him to receive it, if it appears that the pleading was authorized, he will be required to accept it, and, if it clearly appears that it was not authorized, he will not be required to accept it. Otton v. Manhattan Railway Co., 24 App. Div. 130, 48 N. Y. Supp. 945. The case of Otton v. Manhattan Ry. Co., supra, was not overruled by Lange v. Hirsch et al., 38 App. Div. 176, 56 N. Y. Supp. 649, for in the latter case the defendants had admitted service of the pleading, and had, by laches, lost their right to return it, and in returning it had not pointed out the grounds of objection thereto. It was therefore held that the defendants should be compelled to accept the pleading and left to their remedy to strike it out as unauthorized. The objections here interposed by the plaintiff are not technical and unimportant. Parts of the original answer other than the second defense are amended in matters of substance in the pleading which the defendant claims the right to serve.

The order, therefore, should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.