## GENUNG v. HAWKES.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. PLEADING (§ 238*)—LEAVE TO AMEND—EFFECT.

Leave to amend one of several separate causes of action, or one of several separate defenses, does not confer a right to amend the whole complaint or answer, or any part for which leave is not specifically given.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 620–625; Dec. Dig. § 238.*]

2. PLEADING (§ 225*)—DEMURRER—EFFECT.

Ordinarily, when a demurrer to a separate cause of action or a separate defense is sustained, leave to amend relates only to the part at-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tacked, so that, when an amended pleading in pursuance of such leave is served, the other parts must be realleged as they originally stood.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–582; Dec. Dig. § 225.*]

3. PLEADING (§ 225*)—AMENDMENT AFTER DEMURRER.

Where a demurrer is sustained to a separate cause of action in a complaint with leave to amend, it is plaintiff's duty to serve an entire new complaint, incorporating not only the amendments which he was permitted to make to the cause of action objected to, but reiterating what he had previously alleged in his other causes of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 575–582; Dec. Dig. § 225.*]

4. PLEADING (§ 356*)—UNAUTHORIZED AMENDMENT—MOTION TO STRIKE.

Where unauthorized allegations were inserted in a new complaint pursuant to leave to amend, defendant's proper practice was either to refuse to accept service of the pleading, or move to strike out the unauthorized part, and not to move to strike the entire causes of action in which the unauthorized amendments appear.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1111–1119; Dec. Dig. § 356.*]

5. APPEAL AND ERROR (§ 1153*)—DETERMINATION—MODIFICATION—RULINGS ON PLEADINGS.

Where plaintiff, having been given leave to amend, inserted unauthorized allegations in his complaint, and defendant improperly moved to strike out the entire second and third causes of action alleged, in which such unauthorized amendments appeared, but also moved for such further relief as he might be entitled to, the court, on appeal from an order striking such causes of action, instead of reversing, could grant the relief that should have been granted at the trial and modify the order by striking the unauthorized amendments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512; Dec. Dig. § 1153.*]

6. PLEADING (§ 35*)—SURPLUSAGE.

In a suit to recover on the promise of an owner to pay for materials furnished to a contractor, an allegation as to other mechanics' lienors and the invalidity of their liens, and that no action had been brought to recover any part of the claim, was mere surplusage.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. § 35.*]

Appeal from Special Term, Broome County.

Action by Sherman A. Genung against Frederick E. Hawkes, as executor of Emma Toles, deceased. From an order striking certain portions of plaintiff's supplementary complaint, he appeals. Modified.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Charles C. Annabel, for appellant.

Frederick E. Hawkes, in pro. per.

HOUGHTON, J. The plaintiff's original complaint was divided into three separate alleged causes of action. The first was for the foreclosure of a mechanic's lien for materials furnished to a contractor, the second to charge the owner personally by reason of his promise to pay, and the third to charge the owner for loss occasioned by the refusal to disclose the terms of his contract with the builder.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

To the second and third causes of action the defendant answered, but demurred to the first on the ground that facts were not stated sufficient to constitute a cause of action, and that it appeared upon the face of the complaint that there was a defect of parties defendant. This demurrer was sustained upon both grounds, and upon payment of costs the plaintiff was given leave to serve a supplemental summons and complaint. He paid the costs and served a supplemental summons and complaint amending the first cause of action as he saw fit, and, as the defendant claims, amending also the second and third causes of action by incorporating into them certain enumerated paragraphs of the first cause of action as amended. The defendant moved to strike out the second and third causes of action stated in the supplemental complaint on the ground that they had been amended without authority, which motion was granted.

[1] Of course leave to amend one of several separate causes of action of a complaint, or one of several separate defenses of an answer, does not confer the right to amend the whole complaint or answer or any part for which leave is not specifically given.

[2] Under ordinary circumstances, where a demurrer to a separate cause of action or a separate defense is interposed and sustained, the leave to amend relates only to the part which was attacked, and, when an amended pleading in pursuance of such leave is served, the other parts must be realleged as they originally stood. Mann v. Press Publishing Co., 135 App. Div. 361, 120 N. Y. Supp. 534.

[3] The plaintiff pursued the proper practice in serving an entire complaint incorporating not only the amendments which he was permitted to make to the first cause of action, but reiterating what he had previously alleged in his second and third causes of action. He had no right, however, to add any necessary and material allegations to his second and third causes of action.

[4] If such material allegations were added, the proper practice for the defendant to pursue was either to refuse to accept service of the pleading or move to strike out the unauthorized parts, and not to accept service and move to strike out the entire second and third causes of action alleged.

The supplemental complaint which the court permitted the plaintiff to serve took the place of former pleadings, and the plaintiff had the right not only to have his amended first cause of action set forth, but such other causes of action as he had set forth in his prior pleading. The order striking out the second and third causes of action from the supplemental complaint was erroneous.

[5] While this error would ordinarily call for a reversal of the order, the defendant in his motion having asked for such other relief as he might be entitled to, we can by modifying the order grant the relief which the Special Term should have granted.

Confusion, as to whether or not plaintiff has incorporated in his second cause of action matter not existing in his original complaint, arises from the fact that in his last pleading he has numbered the paragraphs differently. By his original complaint he incorporated certain paragraphs of his first cause of action in his second cause of

action, stating them by number. He did the same thing in his last complaint. It is only material additions of which the defendant can complain because immaterial matters are mere surplusage and do not change a cause of action.

[6] In substance the plaintiff had incorporated in his first pleading all of the allegations respecting the second cause of action which he, incorporated in the amended pleading, except the necessary allegation as to other lienors and the invalidity of their liens, and that no other action had been brought to recover any part of the claim. These latter allegations are not necessary to the second cause of action, which is founded upon a promise alone, and their presence is mere surplusage and does no harm. The allegation set forth in paragraph 12 was permitted to be made when the defendant executor was substituted in place of the deceased defendant, and is proper in any part of the complaint. With respect to the third cause of action, however, it is possible that allegations respecting the filing of the mechanic's lien are material and necessary. In his original pleading the plaintiff had incorporated under Nos. 1, 2, and 3 of the first cause of action all that is now contained in paragraphs 1 to 6, inclusive, of his amended pleading; but he had not incorporated what is now contained in paragraphs 7 to 11 of the amended pleading, both inclusive, and had no right to incorporate them in his statement of his third cause of action in the supplemental complaint.

The Special Term, therefore, should have stricken from the allegations of the third cause of action contained in the supplemental complaint the incorporation of paragraphs 7 to 11 of the amended first cause of action, both inclusive, and otherwise should have allowed the pleading to stand.

The defendant being wrong in his practice in moving to strike out the second and third causes of action entirely, no costs should have been allowed. The equities appear to be largely with the plaintiff, and he should have $10 costs and disbursements of the present appeal to abide the event of his action.

Order modified by striking therefrom the allowance of the $10 costs, and granting to the defendant the relief only as indicated by this opinion, and as so modified affirmed, with $10 costs and disbursements to the plaintiff to abide the event of the action. All concur.