WALTON FOUNDRY COMPANY, Appellant, *v.* A. D. GRANGER COMPANY, Respondent.

Third Department, November 15, 1922.

**Pleadings** — action to recover balance on two accounts — order directing service of amended complaint did not require separate statement of causes of action — order required amended complaint to set out verified account — only one cause of action stated — plaintiff having complied with order it was not prejudicial and should be affirmed — order denying resettlement of above order should be affirmed — amended complaint complied with order — plaintiff entitled to enter judgment by default on failure of defendant to answer after it returned amended complaint — plaintiff not required to move to have amended complaint accepted — judgment improperly vacated — order made after entry of judgment denying defendant's motion to dismiss complaint for failure of plaintiff to serve amended complaint should be reversed.

In an action to recover the balance of two accounts, an order directing the plaintiff to serve upon the defendant's attorneys an amended complaint in the action " wherein it shall set forth and number the same, its statement of the facts which constitute its alleged causes of action against the defendant, and make said complaint more definite and certain, as follows: " and then making specific directions requiring the plaintiff to state the kind, character, amount and value of the goods sold and delivered and the amount paid by the defendant, does not require the plaintiff to separately state and number his causes of action; the specific requirements of the order are appropriate only for a verified copy of the account.

Only one cause of action was stated in the complaint and the amended complaint fully complied with the order requiring a detailed statement of the account.

The plaintiff having complied with the order, he was not prejudiced thereby and the order should be affirmed on his appeal therefrom, and, likewise, the subsequent order denying his motion for a resettlement of the first order by reciting the omitted papers used on the motion should be affirmed.

The plaintiff having fully complied with the order directing the service of an amended complaint, the defendant's attorneys did not have any right legally

to return the complaint on the ground that it failed separately to state and number the causes of action, and the plaintiff was entitled to enter a judgment on default after the failure of the defendant to answer the amended complaint within the time specified in the order.

The plaintiff was not required, when the defendant's attorneys returned the complaint, to make a motion to compel them to accept it, and he was fully within his rights in entering a default judgment.

Accordingly, the order vacating the judgment entered on default was improperly granted and should be reversed.

Likewise the order made, after the entry of the default judgment, granting defendant's motion to dismiss the complaint upon the sole ground that the plaintiff had failed to serve an amended complaint in accordance with the first above stated order, should be reversed.

APPEAL by the plaintiff, Walton Foundry Company, from each of six orders:

1. An order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Delaware on the 21st day of June, 1922, directing the plaintiff to separately state and number its causes of action and make the complaint more definite and certain.

2. An order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Delaware on the 5th day of September, 1922, denying plaintiff's motion to resettle the last-mentioned order.

3. An order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Delaware on the 19th day of August, 1922, vacating a judgment of said court in favor of the plaintiff, entered in said clerk's office on the 18th day of July, 1922.

4. An order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Delaware on the 5th day of September, 1922, resettling the last-mentioned order.

5. An order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Delaware on the 28th day of August, 1922, denying defendant's motion for a dismissal of the complaint upon condition that the plaintiff serve an amended complaint within a specified time.

6. An order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Delaware on the 5th day of September, 1922, resettling the last-mentioned order.

*A. G. Patterson,* for the appellant.

*Wilber, Norman & Kahn* [*Hugart F. Norman* of counsel], for the respondent.

VAN KIRK, J.:

There are three records, each containing two appeals, in each record one appeal being from an order made upon application for resettlement of the prior order therein. The appeals are from these orders made in one action; they were argued together and may be more satisfactorily considered together. It would be difficult to create more confusion than appears in these records. The complaint sets forth in two parts a cause, or causes, of action to recover the balances due upon the account:

(1) A claim by plaintiff for castings and materials furnished to defendant and work performed for defendant at its request; for a storehouse furnished at an agreed price and for moneys paid out at defendant's request, all within the year 1921 and all in the amount and value of $3,113.73; plaintiff admits payments and credits on this account in the sum of $2,345.07, showing the balance due and unpaid, $768.66.

(2) A claim on account for like items and charges between June 23, 1917, and December 31, 1920, all in the amount of $7,725.95; against which payments and credits on account are admitted in the sum of $6,312.63, leaving a balance due and unpaid of $1,414.33. Judgment is asked for the amount of these two balances, with interest.

Upon motion of the defendant an order was made May 19, 1922, as follows: " Ordered, that the motion be, and the same hereby is, in all respects granted, and it is further

" Ordered that within twenty (20) days after service of a copy of this order upon the plaintiff's attorney, the plaintiff serve upon the defendant's attorneys an amended complaint in this action, wherein it shall set forth and number the same, its statement of the facts which constitute its alleged causes of action against the defendant, and make said complaint more definite and certain, as follows:

" 1. The kind, character, amount and value of castings and material sold and delivered by the plaintiff to the defendant between January 1, 1921, and December 31, 1921.

" 2. The amount, if anything, paid by the defendant to the plaintiff on account of said merchandise." (Then follow eleven other numbered paragraphs containing directions identical in kind.)

" It is further ordered, that the time for the defendant to answer or take such other action to which it may be entitled is extended until the expiration of twenty (20) days after such amended complaint shall have been served on the defendant's attorneys."

This order was entered in the clerk's office June 21, 1922, and

thereafter, on the 23d day of June, 1922, within the time limited in the order, the plaintiff served an amended complaint complying with the terms of this order.   An examination of the order discloses that there is no requirement to separately state his causes of action, if there be more than one alleged in the complaint, but specific requirements are set forth appropriate in an order for a verified copy of the account (Civ. Prac. Act, § 246), and each of those is complied with in the amended complaint.   There is confusion in the amended complaint; the account for the year 1921 is stated under the allegation covering the years 1917, 1918, 1919 and 1920, but the dates of items dissipate this confusion.   There was no occasion for an order to state causes of action separately; defendant should have demanded a copy of the account verified. (§ 246, *supra*.)

The plaintiff appeals from the order entered June 21, 1922, but it complied with the order within the required time and is not prejudiced.   Though there are a number of irregularities in the proceeding which would justify the reversal of this order, we conclude that it may be affirmed, without costs.

Plaintiff has also appealed from the order of September 2, 1922, denying his motion for a resettlement of the order of May 19, 1922, by reciting the omitted papers it used on the motion.   The motion was denied because of laches.   The plaintiff had complied with the order of May 19, 1922, and was not aggrieved by the omission in the recitals in the order.   This order may be affirmed, without costs.

The defendant returned the amended complaint and served no answer.   Thereupon the plaintiff entered judgment on default on the 18th day of July, 1922, for the sum demanded in the complaint, with costs.   At a Special Term held July 29, 1922, upon motion of the defendant, an order was made vacating and setting aside this judgment, which order was entered on the 19th day of August, 1922.   The ground upon which the motion was granted does not appear in the order, but, from the affidavit of the defendant's attorney, upon which the order to show cause which brought on the motion was granted, it appears that the objection to the judgment was that the amended complaint did not comply with the order of May 19, 1922, and this was the sole ground upon which the amended complaint was returned after service.   The defendant's attorney seems to be laboring under the impression that the order of May 19, 1922, directed the plaintiff to separately state and number his causes of action.   In this he is mistaken. He should have received the amended complaint.   The ground on which the order of July twenty-ninth was made was insufficient.

The defendant is also mistaken in its contention that its attorney, having returned the amended complaint, plaintiff's only redress was by a motion to compel defendant's attorney to receive the amended complaint. He cites *Mann* v. *Press Pub. Co.* (135 App. Div. 361), which does not uphold his contention. By returning a proper pleading, seasonably served, an attorney cannot put his adversary to the expense and trouble of requiring him by court order to accept that which he ought to have accepted. If this were the practice, attorneys would find a ready means of procuring delays they might desire. The motion to vacate the judgment was brought on by an order to show cause, dated July 19, 1922, and returnable July 29, 1922. No reasons were given why an order to show cause should be granted in place of the usual notice of motion and the order is made returnable ten days in the future. (Rules of Civ. Prac. rule 60.) No complaint is made that the judgment was improperly or irregularly taken, or was for an amount greater than was actually due, nor was it claimed that the defendant had a good defense to the cause of action stated in the amended complaint. The attorney for the plaintiff appeared specially on the return day of the order to show cause and took objection on each of these grounds. In the order to show cause there was a provision restraining the plaintiff from collecting the amount of the judgment. This order was procured without complying with section 886 of the Civil Practice Act. The order of July 29, 1922, should be reversed, with costs and disbursements; the order of September 2, 1922, resettling the order of July 29, 1922, should be reversed, except that part which vacated the restraining order in the show cause order of July 19, 1922.

Upon an affidavit verified July 17, 1922, stating that the plaintiff had not complied with the order of May 19, 1922 (which required the plaintiff to serve the amended complaint) and that the plaintiff is in default by reason of its failure to serve the amended complaint as directed, an order, dated July 20, 1922, was procured directing the plaintiff to show cause why its complaint should not be dismissed; and on July 29, 1922, the return day of the order to show cause, an order was made denying the motion to dismiss the complaint upon condition that within ten days after service of a copy of this order with a notice of entry thereof the plaintiff serve upon the attorneys for the defendant an amended complaint in this action wherein it shall set forth and number the same, in accordance with the order of May 19, 1922, and rule 90 of the Civil Practice Act,* its statement of the facts which constitute its

* *Sic.* See Rules of Civil Practice, rule 90.— [REP.

alleged causes of action against the defendant and make said complaint more definite and certain, particularly the 4th paragraph thereof, as follows (then follow four separate specifications to be complied with); and providing further that, in default of service of such an amended complaint, the motion to dismiss said complaint as to the causes of action set forth in said 4th paragraph be granted. This order was entered August 28, 1922. The fifth appeal is from this order. The sole ground for the granting of this order was that the plaintiff had failed to comply with the order of the court directing the service of an amended complaint. This order appealed from should be reversed, with costs and disbursements. The sixth appeal is from the order resettling the order entered August 28, 1922. The order of August twenty-eighth having been reversed, the order resettling the same should be reversed.

The order of May 19, 1922, and the order of September 2, 1922, denying resettlement of the May nineteenth order, should be affirmed, without costs.

The order made July 29 and entered August 19, 1922, should be reversed, with costs and disbursements, and the order of September 2, 1922, resettling the order entered August 19, 1922, should be reversed, except that portion thereof which vacates the restraining order in the show cause order of July 19, 1922, without costs.

The order made July 29, 1922, and entered August 28, 1922, should be reversed, with costs and disbursements, and the order of September 2, 1922, resettling this order, entered August twenty-eighth, should be reversed, without costs.

H. T. KELLOGG, Acting P. J., KILEY, HINMAN and HASBROUCK, JJ., concur.

Order of May 19, 1922, and the order of September 2, 1922, denying resettlement of the May nineteenth order, affirmed, without costs. The order made July 29 and entered August 19, 1922, reversed, with ten dollars costs and disbursements, and the order of September 2, 1922, resettling the order entered August 19, 1922, reversed, except that portion thereof which vacates the restraining order in the show cause order of July 19, 1922, without costs. The order made July 29, 1922, and entered August 28, 1922, reversed, with ten dollars costs and disbursements, and the order of September 2, 1922, resettling such order, entered August twenty-eighth reversed, without costs.